G. W. STUCKER, Plaintiff in Error, *v.* F. W. DUNCAN, Defendant in Error.

1. *Lands—Pre-emption—Equity.*—Hill v. Miller, 36 Mo. 182, affirmed.

*Error to Callaway Circuit Court.*

. This was an action in the nature of a trespass, brought by Stucker against Duncan, to recover damages for timber cut on certain tracts of land described in his petition. Duncan answered denying the trespass, and set up title in himself to the said land, described as the N.W. ¼ of the N.W. ¼ of sec. 15, the S.W. ¼ of the S.W. ¼ of sec. 10, and the S. ½ of the S.E. ¼ of sec. 9, all in township 46, range 8 west. The defendant likewise set up in his answer that he held the elder certificate of entry to these lands, and the same had been improperly cancelled by the Land officers—asserted his better equity, and asked that, notwithstanding Stucker held a patent for the lands, the title be decreed to him.

Upon the trial, plaintiff proved the cutting of some timber trees on the said land by defendant after the purchase of the same by plaintiff and before the commencement of the suit. Plaintiff read in evidence the patent conveying the land in controversy to plaintiff, dated March 1, 1860, and rested his case. Defendant then read in evidence a certificate of entry by himself, which was signed by Dallam, the Receiver at St.

St. Louis, and dated St. Louis, Missouri, December 21, 1854. Both the certificate and the patent embraced the same parcels of land claimed by Stucker in his petition and by Duncan in his answer.

Defendant then introduced one Bowlin, who said that in 1854 he was with defendant in the neighborhood of the land in controversy when they met plaintiff, and defendant told him he had entered the land.

Plaintiff then introduced one William Stucker, who said he saw a small cabin on the land, built of round logs or poles, and perhaps ten feet square; the floor was weather-boarding plank laid down loosely, a few loose plank in the loft, no window, a door cut and an old shutter put up, and no chimney; neither did he see any place for a stove-pipe. There was an old stove with a joint or two of pipe laying on the floor. No one was living in the house at that time. It was in the year 1854. No ground had been cleared or cultivated. The defendant Duncan lived up in the prairie, on a farm, where he had lived a number of years; he had a large family; he kept the post-office at his house on the prairie. The witness was frequently at Duncan's house on the prairie, before and after he entered the land in controversy, and never missed his family from his said house. Plaintiff never lived on the land in dispute, nor ever built upon it; he owns a farm adjoining said lands; neither did plaintiff ever live upon the land.

This testimony was corroborated by the statements of another witness.

Plaintiff then offered to read in evidence certified copies of papers from the General Land Office, tending to show and actually showing the recision of Duncan's entry, and the entry or permission to enter the same lands by the plaintiff Stucker. The defendant objected to the reading of the papers in evidence, and the court sustained the objection; to which ruling of the court in sustaining the objection plaintiff duly excepted. He then offered to read in evidence the sworn statement of W. P. Selby, as found in said papers,

(first proving the death of Selby,) to which plaintiff objected. The court sustained the objection, to which plaintiff excepted.

The plaintiff then offered to read in evidence another paper, showing that the entry of Duncan (defendant) was made under the graduation and pre-emption law of 1854, and also the evidence upon the cancellation of defendant's entry; this was objected to by defendant, and the objection was sustained by the court, and the plaintiff excepted.

Among the papers offered in evidence is a copy of the affidavit of defendant when he applied to enter the land in dispute, which showed that he (defendant) offered to enter the said land under the graduation and pre-emption law of 1854; also, a certified copy of the St. Louis Land records showing that defendant's entry of said land had been cancelled : to the reading of which defendant objected, the court sustaining the objection, and plaintiff excepting.

Plaintiff likewise offered to read in evidence a certified copy of the notice served on defendant, notifying him that plaintiff Stucker had contested his entry of the said lands, and when and where the matter would be investigated, as well as a copy of the notice of cancellation. The defendant objected also to this, which objection was sustained by the court, and the plaintiff excepted.

The testimony being closed, the plaintiff asked the court to give the following instructions, to wit:

"1. That plaintiff, having the legal title to the land upon which the trespass was committed, is entitled to recover.

"2. The Government of the United States, through its agents, has a right to vacate the entry and certificate thereof of any one whenever a fraud has been practised upon the Government through or by the person entering the same ; and if a fraud was practised in the entering of the land in dispute, and the Government through or by its agent vacated the same, then the verdict ought to be for the plaintiff.

"3. If Duncan had not in good faith improved and settled upon the land in dispute, then he, in taking the oath and making the entry of said land, practised, or attempted to

practise, a fraud upon the Government; and the Government, in consequence of said fraud, had the right to vacate the entry.

"4. If the entry of Duncan was vacated by the Government, and the lands were afterwards entered by Stucker and he obtained a patent therefor, he holds the legal title to the same, and ought to recover in this action."

These instructions were refused by the court, and plaintiff duly excepted.

The court, at the instance of defendant, gave the following instruction:

"1. That the Register or Receiver of the Land Office had no power or authority, by virtue of his office, to sit in a judicial capacity and decide upon the validity of the defendant's entry of the land in controversy, and to rescind and cancel the contract between the United States on the one hand and the defendant on the other, and divest the defendant's equity in the land; that under the Constitution, and the acts of Congress made in pursuance thereof, there is no such judicial officer as that of Register of Lands, or Register and Receiver, and defendant's equitable title by his entry and payment of the purchase money cannot be divested by any proceedings at the Land Office which are *coram non judice* and void."

To the giving of this instruction plaintiff objected, which objection the court overruled, and the plaintiff duly excepted. A verdict was found for defendant. Plaintiff filed his motion for a new trial and sued out his writ of error.

*Sheley & Boulware*, for plaintiff in error.

I. The patent vested the legal title in plaintiff Stucker to the lands in controversy, and in an action in the nature of trespass, the court (whatever may have been its powers and duties as a court of equity) had no right to go behind it. (Bagwell v. Broderick, 13 Pet. 436; Allison v. Hunter, 9 Mo. 749; Carman v. Johnson, 20 Mo. 108.)

II. The Commissioner of the General Land Office has the supervising control over entries of land, and in supervising an entry he acts in a judicial character or capacity, and has the legal right to vacate an entry. See act of Congress for the adjustment of suspended pre-emption land claims, and approved August 3, 1846. This act was revived and continued in force by the act of March 3, 1853, and the act of June 26, 1856. (Barnard's heirs v. Ashley's heirs, 18 How. 44; Wilcox v. Jackson, 13 Pet. —; Lewis v. Lewis, 9 Mo. 185.)

III. The court erred in excluding the records of the Land Office, as the same showed upon what the action of the officers was based, and that the entry was vacated; and the plaintiff had a perfect right to show that the elder certificate was obtained by fraud. (Allison v. Hunter, 9 Mo. 750.)

*H. C. Hayden*, for defendant in error.

The court below very properly excluded the various documents pertaining to the judicial investigation before the Register and Receiver of the Land Office. No such power is given to these officers, or either of them, to sit in a judicial capacity, and adjudicate land titles, and divest equitable interests, which they as the agents of the Government have been instrumental in vesting in individuals who through them purchase lands of the Government. For the like reason the court properly declared the law as contained in defendant's instruction; such proceedings being without any jurisdiction conferred by law, are *coram non judice* and void. (Morton v. Blankenship et al., 5 Mo. 302; Gillipot on demise Burnes v. Manlove, Sup. Ct. Ills., Dec. T., 1834; Groom v. Hill, 9 Mo. 320; Carman v. Johnson, 29 Mo. 84.)

LOVELACE, Judge, delivered the opinion of the court.

This is an action for trespass upon real estate. The defendant justified upon the ground of an equitable title in the real estate named in the petition. It is unnecessary to make a statement of this case inasmuch as it involves in every par-

ticular the same issues that were decided in the case of Hill v. Miller, decided by this court at the August term at St. Joseph (36 Mo. 182); and, for the reasons given in that case, this judgment is reversed and the cause remanded. The other judges concur.